UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSICA D. REIMER,

        Plaintiff,

  v.                                                                   Case No. 15-C-65

PAUL DONARSKI, et al.,

        Defendants.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Jessica Reimer filed this action under 42 U.S.C. § 1983 alleging that her civil rights were violated when she was being held at the Brown County Jail. Plaintiff claimed that Brown County, Corporal Paul Donarski, and Nurse Amy Jones of Correctional Healthcare Companies violated her constitutional and statutory rights by their deliberate indifference to her serious medical condition, resulting in the amputation of her finger. The case is before the Court on Defendants' motions for summary judgment. For the reasons that follow, the Defendants' motions will be granted. Plaintiff's federal claim against the Defendants will be dismissed with prejudice, and with the federal claim gone, the court will decline to exercise jurisdiction over the remaining state law claims. The state law claims will dismissed without prejudice so that Plaintiff can pursue them in state court if she so chooses.

## BACKGROUND

On April 6, 2014, Jessica Reimer injured the middle finger of her left hand on a locker in the Brown County Jail Work Release Center. Corporal Paul Donarski of the Brown County

Sheriff's Department and other jail personnel provided first aid to Reimer, ordered that she be regularly checked on, and informed his replacement of her injury when his shift ended. Later that day Plaintiff was taken to the emergency room at St. Vincent's Hospital. At St. Vincent's Reimer's wound was cleaned and examined by Dr. Defrank, who informed her that she needed to see a hand specialist within the next 24 hours. Though Dr. Defrank gave Reimer the contact information for a hand specialist, neither Reimer nor the sheriff's deputy could make such an appointment due to Reimer's incarceration. Ultimately, Dr. Defrank told Reimer that she had an appointment with the hand specialist for the next day, April 7, 2014.

Reimer was returned to the Work Release Center after her visit to St. Vincent's. The sheriff's deputy who had accompanied her informed the corporal on duty about Reimer's appointment with the hand specialist, but no one took Reimer to her appointment the next day. Nor was Reimer seen by any other hand specialist within 24 hours after being seen by Dr. Defrank. On the evening of April 7, 2014, Plaintiff filed a grievance with the jail, complaining about her injury and the failure to take her to a specialist. On April 8, 2014, Plaintiff was seen by the jail doctor, who agreed that she needed to see a hand specialist. However, Reimer was not taken to see a specialist until April 16, 2014. Reimer's finger was treated on that day, but by May 9, 2014, she was experiencing pain and swelling in her finger. Subsequent tests found that her bone was infected. Reimer's left middle finger would eventually be amputated at the distal phalangeal joint.

## ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.; *see*

*also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460–61 (E.D. Wis.1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In deciding a motion for summary judgment, the court will view the facts in the light most favorable to the non-moving parties. *Crull v. Sunderman*, 384 F.3d 453, 460 (7th Cir. 2004).

As the Seventh Circuit has explained, Summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). "Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that 'set forth specific facts showing that there is a genuine issue for trial.'" *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008) (citing Fed. R. Civ. P. 56(e)).

**B. Plaintiff's Claims**

Based on the undisputed facts of the case, there is no evidence that either Corporal Donarski or Nurse Jones acted with deliberate indifference to Reimer's serious medical needs. During a hearing before this Court on June 24, 2016, Plaintiff's counsel stated that Plaintiff was abandoning all of Plaintiff's federal claims except the *Monell* claim against Brown County. ECF No. 51. This sentiment was echoed in Plaintiff's response to Defendants' motions for summary judgment, which only discussed Plaintiff's *Monell* arguments. ECF No. 46. During the June 24, 2016 hearing Plaintiff's counsel also sought to preserve Plaintiff's state law tort claims.

3

As to her *Monell* claim, Plaintiff concedes that she cannot identify a policy or custom of Brown County responsible for depriving her of her constitutional rights, as required for the imposition of liability upon the County under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Instead, relying on a series of dissenting opinions, Plaintiff asserts that Brown County should have respondeat superior liability for the actions of its agents. *See Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 429–30 (1997) (Souter, J. Dissenting); *id.* at 430–37 (Breyer, J., dissenting). As Plaintiff readily admits, however, such a theory is plainly barred under existing law. *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). Instead, Plaintiff seeks to preserve this issue for appeal, anticipating a shift in Supreme Court jurisprudence. As the law currently stands, however, Plaintiff's *Monell* claim cannot be sustained and, therefore, will be dismissed.

During the June 24 hearing, this Court discussed the possibility that Plaintiff may be able to sustain her *Monell* claim based on Brown County's policy (or lack of policy) to ensure that inmates' critical medical appointments are kept. But the record in this case does not appear to support such a claim. To begin, the record does not contain a full discussion about what policy Brown County had in place, if any, to ensure that inmates were taken to their medical appointments. To the extent such a discussion does exist, it shows that Brown County's policies are sensitive to inmates' medical needs. Def.'s Br. in Supp. 10–12, ECF No. 27. Relatedly, the record lacks sufficient development about the relationship between any such policy and the events in this case. As such, this Court would be left with pure speculation as to either the existence of an unconstitutional policy or whether the county's policy was the "moving force" behind any constitutional violation here. *Monell*, 436 U.S. at 694; *see Amadio v. Ford Motor Co.*, 238 F.3d 919, 927 (7th Cir. 2001) ("It is well-settled that speculation may not be used to manufacture a

4

genuine issue of fact."). Moreover, Plaintiff's brief in response to the motions for summary judgment specifically states "that Reimer cannot identify a policy or custom of the County responsible for depriving her of her constitutional rights." Pl.'s Br. in Opp. 3, ECF No. 46. Therefore, summary judgment is appropriate on Plaintiff's *Monell* claim.

Pursuant to 28 U.S.C. § 1367(c) "district courts may decline to exercise supplemental jurisdiction over a claim" when "the district court has dismissed all claims over which it has original jurisdiction." The Seventh Circuit has counseled that "[w]hen a district court correctly dismisses all federal claims before trial, the court ordinarily should relinquish jurisdiction over any supplemental claims." *Porter v. Suliene*, 391 F. App'x 565, 568 (7th Cir. 2010); *see Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). Declining to exercise supplemental jurisdiction may also further the values of "judicial economy, convenience, fairness, and comity." *In re Repository Techs., Inc.*, 601 F.3d 710, 724 (7th Cir. 2010) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Having dismissed all of Plaintiff's claims over which this Court has original jurisdiction prior to trial, I will now decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state claims will be dismissed without prejudice to allow refiling in state court.

## CONCLUSION

**THEREFORE IT IS ORDERED** that Defendants' motions for summary judgment (ECF Nos. 26 & 31) are **GRANTED**. Plaintiff's federal claims are dismissed with prejudice and her state law claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this ___15th___ day of July, 2016.

                                               s/ William C. Griesbach
                                               William C. Griesbach, Chief Judge
                                               Eastern District of Wisconsin